CORRECTED
# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: March 30, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * | | |
| FAY BLEIER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-783V |
| | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | Stipulation; Influenza (Flu); |
| AND HUMAN SERVICES, | * | Shoulder Injury Related to |
| | * | Vaccine Administration (SIRVA). |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

*Jessica A. Olins*, Maglio Christopher & Toale, Seattle, WA, for petitioner.
*Christine M. Becer*, United States Department of Justice, Washington, D.C., for respondent.

### DECISION ON STIPULATION[1]

On June 4, 2018, Fay Bleier ("petitioner"), filed a petition for compensation in the National Vaccine Injury Compensation Program.[2] Petition (ECF No. 1). Petitioner received a influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), in her right arm on November 3, 2016. Petitioner alleges that she sustained a right shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table, or in the alternative, that her alleged shoulder injury was caused by the vaccine, with residual effects lasting for more than six months.

---

[1] Pursuant to the E-Government Act of 2002, see 44 U.S.C. § 3501 note (2012), **because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.** The Court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. Before the opinion is posted on the Court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). An objecting party must provide the Court with a proposed redacted version of the opinion. *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the Court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act"). Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On March 30, 2021, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner.  Stipulation (ECF No. 56).  Respondent denies that petitioner sustained a SIRVA Table injury and denies that the flu vaccine caused petitioner to suffer from a right shoulder injury or any other injury or her current condition.  *Id.* at ¶ 6.  While maintaining their respective positions, the parties nevertheless now agree that a decision should be entered awarding the compensation described in paragraph 8 of the stipulation, which is attached hereto as Appendix A.  *Id.* at ¶ 7.

The stipulation awards a lump sum of $55,000.00 in the form of a check payable to petitioner.  This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

I adopt the stipulation as the decision of the Court and hereby award compensation in the amount and on the terms set forth therein.  Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| FAY BLEIER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-783V |
| v. ) | Special Master Gowen |
| ) | ECF |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## **STIPULATION**

The parties hereby stipulate to the following matters:

1. Fay Bleier, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of an influenza ("flu") vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received the flu vaccine on November 3, 2016.

3. The vaccination was administered within the United States.

4. Petitioner alleges that she sustained a right shoulder injury related to vaccine administration ("SIRVA") within the time period set forth in the Table, or in the alternative, that her alleged shoulder injury was caused by the vaccine. She further alleges that she experienced the residual effects of her alleged injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on her behalf as a result of her condition.

6. Respondent denies that petitioner suffered a SIRVA Table injury, and denies that the flu vaccine caused petitioner to suffer from a right shoulder injury or any other injury or her current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $55,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursed expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 3, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about June 4, 2018, in the United States Court of Federal Claims as petition No. 18-783V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner to have a right shoulder injury or any other injury or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*Fay Bleier*
FAY BLEIER

ATTORNEY OF RECORD FOR
PETITIONER:

JESSICA OLINS
Maglio Christopher & Toale, P.A.
1325 4th Ave. Suite 1730
Seattle, WA 98101

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

HEATHER L. PEARLMAN
Acting Deputy Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

CAPT Dale Mishler, DHSc, for
TAMARA OVERBY
Acting Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health
and Human Services
5600 Fishers Lane, Mail Stop 08N146B
Rockville, MD 20857

ATTORNEY OF RECORD FOR
RESPONDENT:

Christine M Becer
by Heather L Pearlman
CHRISTINE M. BECER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-3665
christine.m.becer@usdoj.gov

Dated: 03/30/2021

5