# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
Filed: October 20, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| FAY BLEIER, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 18-783V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

<u>Jessica A. Olins.</u>, Maglio Christopher & Toale, PA, Seattle WA, for Petitioner.
<u>Christine M. Becer</u>, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 5, 2021, Fay Bleier ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 62). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$44,237.44.**

I.   **Procedural History**

On June 4, 2018, Petitioner filed a petition for compensation under the National Vaccine Injury Program. Petition at ¶ 1 (ECF No. 1). Petitioner received an influenza ("flu") vaccine on November 3, 2016. Stipulation at ¶ 2 (ECF No. 32). Petitioner alleges that as a result of receiving the flu vaccine, she developed a shoulder injury related to vaccine administration and experienced the residual effects of her alleged injuries for more than six months. Petition at ¶ 14. On March 30, 2021, the parties filed a stipulation, which I adopted as my decision awarding compensation on the same day. (ECF No. 57).

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

On August 5, 2021, Petitioner filed a motion for final attorneys' fees and costs. Petitioner requests compensation in the total amount of $44,237.44, representing $33,554.30 in attorneys' fees and $10,683.14 in costs. Fees App. at 1. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs related to her case. *Id.* at 2. Respondent reacted to the fees motion on August 18, 2021, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 63). Petitioner filed her reply on August 20, 2021, requesting the full amount of fees and costs be awarded. (ECF No. 64).

The matter is now ripe for adjudication.

II. **Analysis**

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and supported by a reasonable basis. § 300aa–15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, she is entitled to a reasonable award of final attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a. **Attorneys' Fees**

I have reviewed the rates requested by Petitioner for the work of her counsel at Maglio, Christopher, and Toale (the billing records reflect that the majority of attorney work was performed by Ms. Jessica Olins, with supporting work provided by Mr. Altom Maglio, Ms. Danielle Strait, and Mr. FJ Caldwell) and I find the rates requested herein to be consistent with what these attorneys have previously been awarded for their Vaccine Program work and reasonable in light for the work performed in this case.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter appear to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of **$33,554.30.**

b. **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total

attorneys' costs in the amount of $10,683.14. This amount is comprised of acquiring medical records, postage, the Court's filing fee, and work performed by petitioner's medical expert, Dr. Naveed Natanzi. These costs appear reasonable, and Petitioner has provided adequate documentation supporting them. Petitioner is therefore awarded final attorneys' costs of **$10,683.14**.

### III. Conclusion

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows: **a lump sum of $44,237.44, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Jessica Olins, and be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**[2]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**/s/Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[2] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).